[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
INTRODUCTION
In this case, the plaintiff seeks a declaratory judgment construing the language in a deed which created an easement (the "Easement") in favor of land now owned by the plaintiff (the Plaintiff's Parcel") over land now owned by the defendants (the "Easement Parcel") which abuts the Plaintiff's Parcel. In their counterclaim, the defendants, who own land which is immediately north of the Easement Parcel, at the western end of the Easement Parcel (the "Defendant's Parcel"), seek damages for the alleged overburdening of the Easement as well as injunctive relief both requiring the plaintiff to restore the Easement Parcel to its condition prior to its alleged overburdening and also restraining the plaintiff from overburdening the Easement in the future.
FACTS
The court having heard the parties, the following facts are found:
All persons having an interest in the subject CT Page 4706 matter of the complaint are parties to this case:
 For a period of time immediately prior to June 8, 1972, the Plaintiffs' Parcel, the Defendant's Parcel and the Easement Parcel were all owned by W. Lawrence Miner, Jr. ("Miner");
 The defendants' predecessor in title acquired title to the Easement Parcel from Miner by a deed dated June 8, 1972, which is recorded at Volume 136, Page 356 of the East Lyme Land Records, which created the Easement with the following language: "Said premises are subject to the right to pass and repass for all purposes and by all means over said premises in favor of the owners of the premises abutting thereon on the north and east (the Plaintiff's Parcel) and their heirs and assigns". . ." (Parenthetic matter added.);
 The plaintiff's predecessor in title acquired title to the Plaintiff's Parcel from Miner by a deed dated February 24, 1977, which is recorded at Volume 160, Page 392 of the East Lyme Land Records, which references the Easement in the following language: "Together with the right to use and maintain, together with the grantor and others, as appurtenant to the land herein conveyed, said right-of-way . . .";
 The Plaintiff's Parcel does not abut any public way, and its only means of access and egress is over the Easement Parcel;
 The plaintiff installed underground water and sewer pipes in the Easement Parcel, installed storm drains in the Easement Parcel, regraded portions of the Easement Parcel, paved and installed curbing on the surface of the Easement Parcel and painted stripes for vehicle parking on the surface of the Easement Parcel; and,
 Some of the plaintiff's activities on the Easement Parcel have overburdened the Easement.
GOVERNING LAW
CT Page 4707
In discussing easements created by grants, the Supreme Court stated that: "Such a grant is to be construed as broad enough to permit any use which is reasonably connected with the reasonable use of the land to which it is appurtenant. (Citations omitted.) The reasonable uses of the dominant tenement in connection with which the passway may be used are not limited to those to which the passway was being put when the way was granted . . ." Birdseyv. Kosienski, 140 Conn. 403, 413 (1953).
THE COMPLAINT
Applying the Birdsey principles to the facts found in this case, the issues on the complaint are found for the plaintiff, and it is held and declared that the Easement is broad enough to permit at least the following types of activity on the Easement Parcel: paving, grading, curbing, the installation and maintenance of drainage systems and the installation and maintenance of utilities (including, but not limited to, electric and telephone service, other communications services, water service, gas service and electric service). No damages, attorneys fees or costs are awarded on the complaint.
THE COUNTERCLAIM
Because some of the plaintiff's activities have overburdened the Easement, the issues on the counterclaim are found for the defendants, and it is held that they are entitled to injunctive relief as follows:
 a) Restraining the plaintiff and its successors and assigns, and those claiming thereunder, from parking vehicles on, and from placing any structures, including mailboxes and signs on, the Easement Parcel, provided, the "No Parking" signs which are now on the Easement Parcel shall not be removed;
 b) Requiring the plaintiff to remove curbing, which it placed on the Easement Parcel, from the state line running easterly for sixty (60) feet and to taper and transition the existing grades of the Easement Parcel and the abutting portion of the Defendants' Parcel which are adjacent to the area from which the curbing is removed to allow the safe movement of vehicles between them, provided, however, that the plaintiff is not obligated to do anything CT Page 4708 which will damage or threaten the integrity of the pipes which it previously laid in the Easement Parcel; and,
 c) Requiring the plaintiff to install two inches of Class Two Bituminous concrete as an apron on that portion of the northerly side of the Easement Parcel from which the plaintiff is required hereinabove to remove curbing.
No damages, costs or attorneys fees are awarded on the counterclaim. However, if the plaintiff does not complete the work required of it hereinabove by July 31, 1996, the defendants may petition this court, which retains jurisdiction of this matter for this purpose, for damages in lieu of the plaintiff's said obligations.
Levine, J.